**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

v.

RIVER CLIFF REALTY, LLC, and ERIKA JOYE,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Allstate Insurance Company ("Allstate"), through its attorneys, Tucker Holmes, P.C., states as follows for its Complaint for Declaratory Judgment:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Allstate is a corporation existing and incorporated under the laws of Illinois with its principal place of business in Illinois. Accordingly, Allstate is and at all relevant times was a citizen of Illinois and not Colorado.

2. Defendant River Cliff Realty, LLC ("River Cliff") is a limited liability company organized under the laws of Colorado with its principal place of business in Colorado. Accordingly, River Cliff is and at all relevant times was a citizen of Colorado and not Illinois.

3. Defendant Erika Joye ("Joye") is an individual and citizen of the state of Colorado and not Illinois. Accordingly, Joye is and at all relevant times was a citizen of Colorado and not Illinois.

4. In this action, Allstate seeks a declaration that it has no duty to defend, and by consequence no duty to indemnify, River Cliff pursuant to an insurance policy and a putative class-

action complaint filed by Joye against River Cliff in Boulder County District Court in litigation captioned *Joye v. River Cliff Realty, LLC*, No. 2021CV30900 (the "Underlying Complaint" or the "Underlying Litigation"). A copy of the Underlying Complaint is attached and incorporated hereto as **Exhibit 1**.

5. In the Underlying Complaint, Joye alleges that River Cliff improperly charged her thousands of dollars of unlawful penalties and late fees as the managing agent for 382 residential rental properties in Colorado.

6. In the Underlying Complaint, Joye alleges that River Cliff "has charged unlawful penalties in the form of Late Fees and/or Reletting Charges to hundreds of tenants who fall into" the proposed class. (Underlying Complaint at ¶ 33).

7. Allstate issued Policy No. 648 793 552, which lists River Cliff as the named insured and, subject to its terms, provides limits liability limits of $2,000,000 per occurrence.

8. Allstate is currently defending River Cliff subject to a Reservation of Rights in the Underlying Litigation.

9. Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

10. Venue is proper in this Court under 28 U.S.C. § 1391 because all Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

11. An actual controversy between Allstate and the Defendants exists within this Court's jurisdiction such that this Court should declare the rights of the Parties with respect to the controversy pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## BACKGROUND

### I. The Underlying Complaint

12. Joye filed the Underlying Complaint on December 2, 2021.

13. The Underlying Complaint names River Cliff as defendant.

14. Joye alleges in the Underlying Complaint that River Cliff "has acted as landlord and property manager of the property where Plaintiff resided during 2020 and 2021." (Complaint at ¶ 4).

15. Joye alleges in the Underlying Complaint that her lease provided that "[i]f Resident doesn't pay all rent on or before the 1st day of the month Resident shall pay an initial late charge of $10.00, plus a late charge of $10.00 per day until paid in full." *Id.* at ¶ 9.

16. Joye alleges in the Underlying Complaint that her lease provided that:

> If Landlord takes possession of the Premises because Resident fails to give 30-day written move-out notice; Resident moves out without Landlord's written approval **and** without paying rent in full for the entire Lease Contract term or renewal period; Resident moves out at Landlord's demand because of Resident's default; a judgment for possession is entered against Resident; or Resident refuses to take possession of the Premises, resulting in a breach of this Lease Contract, Landlord will charge Resident $2500.00 as a reletting charge

*Id.* at Complaint 0004, ¶ 9.

17. Joye alleges in the Underling Complaint that River Cliff assessed Joye late fees in August 2020 and September 2020. *Id.* at ¶ 15.

18. Joye alleges in the Underlying Complaint that:

> These Late Fees are unlawful penalties under Colorado law. The Parties never intended to liquidate damages in the event rent was not paid on time, the damages suffered by River Cliff, if any, would not have been difficult to calculate at the time the lease was signed in the event the rent was not paid on time, and the sums charged as Late Fees, again when viewed at the time the lease was signed, are not a reasonable estimate of the damages, if any, suffered by River Cliff.

*Id.* at ¶ 16.

3

19. Joye alleges in the Underlying Complaint that the "payment of these unlawful penalties left [Joye], like other class members, with insufficient funds to tender rent for subsequent months in a timely fashion and thereby allowed River Cliff to assess and collect additional fees in the following month." *Id.* at ¶ 18.

20. Joye alleges in the Underlying Complaint that "River Cliff refused to renew Joye's lease," and "initiated a forcible entry and detainer action and obtained a judgment for possession against Joye on July 27, 2021." *Id.* at ¶¶ 19-22.

21. Joye alleges in the Underlying Complaint that "River Cliff sent an email to Joye entitled 'Move-Out Security Deposit Letter' which included a $2,500 charged added on August 12, 2021, described as a 'Termination Fee,'" but the fee "was in fact the $2,500.00 Reletting Charge described in the form lease." *Id.* at ¶¶ 25-26.

22. Joye alleges in the Underlying Complaint that:

The Reletting Charge is an unlawful penalty under Colorado law. The Parties never intended to liquidate damages in the event River Cliff demanded Joye vacate the Property at the end of her lease term or evicted her, the damages suffered by River Cliff, if any, would not have been difficult to calculate at the time the lease was entered into in the event Joye failed to vacate the Property upon River Cliff's demand, and the sums charged as Reletting Charges are not a reasonable estimate, again from the time the lease was entered, of the damages, if any, to be potentially suffered by River Cliff.

*Id.* at ¶ 26.

23. Joye alleges in the Underlying Complaint that:

On behalf of herself and the Class, Joye seeks a declaration that the charging and collection of the Late Fees and/or the Reletting Charges described herein constitutes the charging and collection of unlawful penalties under Colorado law, that the collection of such sums, or such sums in excess of amounts authorized under law, is void, unlawful, and in breach of the Parties' agreement, and enjoining Defendant from attempting to collect such sums.

4

> On behalf of herself and the Class, Joye also seeks and an award of damages in the amount of all unlawful penalties paid, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

*Id.* at ¶¶ 28-29.

24. Under a **"CLASS ACTION ALLEGATIONS"** heading, Joye alleges in the Underlying Complaint that "River Cliff has charged unlawful penalties in the form of Late Fees and/or Reletting Charges to hundreds of tenants who fall into the Class as defined," and "Joye's claims are typical of the claims of other members of the Class." *Id.* at ¶¶ 33-34.

25. Joye asserts three causes of action on her own behalf and on behalf of the Class, including (1) a declaratory judgment claim that the late fees and reletting charges constitute an unenforceable and unlawful penalty under Colorado law, (2) a breach of contract claim that the late fees and reletting charges are unlawful penalties, and River Cliff breached the contract by charging and collecting such unlawful amounts, and (3) alternatively, unjust enrichment because River Cliff has been unjustly enriched through its charging and collection of moneys that represent unlawful penalties under Colorado law. *Id.* at ¶¶ 39-57.

## II.     The Policy

26. Allstate issued Policy No. 648 793 552 (the "Policy"), which lists River Cliff as the named insured and includes $2,000,000 per occurrence limits for liability and medical expenses coverage. (*See* Policy No. 648 793 552, at Policy 0015, attached as **Exhibit 2**).

27. Among other coverages, the Policy maintains a Businessowners Coverage Form (the "BCF") and a Miscellaneous Professional Liability Endorsement (the "MPLE").

28. Under Section II – Liability, the Businessowners Coverage Form provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will

5

have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

(*Id.* at Policy 0128).

29. Under subsection B., Exclusions, the BCF provides:

**1. Applicable to Business Liability Coverage**

This insurance does not apply to:

. . .

**n. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

. . .

**p. Personal and Advertising Injury**

"Personal and advertising injury":

**(4)** For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

**(5)** Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement"

(*Id.* at Policy 0130, 134-35).

30. The BCF maintains the following definitions:

6

> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> **a.** False arrest, detention or imprisonment;
> **b.** Malicious prosecution;
> **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
> **f.** The use of another's advertising idea in your "advertisement"; or
> **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".
>
> **17.** "Property damage" means:
>
> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(*Id.* at Policy 0140-143).

31. Under Section I. What Is Covered, the Miscellaneous Professional Liability Endorsement provides:

> We shall pay on your behalf those amounts, in excess of the deductible, you are legally obligated to pay as "damages" resulting from a "claim" first made against you and reported to us during the "MPL Coverage Period" or Extended Reporting Period (if applicable) for your "wrongful act" in rendering or failing to render "professional services" for others for a fee, as shown in Item 2. of the Schedule above, but only if such "wrongful act" first occurs on or after the "retroactive date" and prior to the end of the "MPL Coverage Period."
>
> . . .

> We have the right and duty to defend a "suit" brought against you alleging a "wrongful act" even if the "suit" is groundless, false or fraudulent.

(*Id.* at Policy 0019).

32. Under Section II, Exclusions – What is not Covered, the MPLE provides:

> A. This insurance does not apply to:
>
> . . .
>
> **3. Bodily Injury**
> Any liability arising out of "bodily injury", provided, however, that this exclusion shall not apply if the Professional services shown in Item 2. Of the Schedule above are any of the following:
>
> **a.** Barber
> **b.** Beautician
> **c.** Dog Groomer
> **d.** Fitness Center/Health Club
> **e.** Kennel/Pet Instruction
> **f.** Manicurist
> **g.** Massage Therapist
> **h.** Optician
> **i.** Optometrist
> **j.** Personal Trainer
> **k.** Process Server
> **l.** Safety Consultant
> **m.** Veterinarian
>
> **4. Property Damage**
> Any liability arising out of "property damage".
>
> . . .
>
> **10. False Advertising, Misrepresentation in Advertising, antitrust, Unfair Competition, and Restraint of Trade, and Unfair or Deceptive Business Practices**
> Any liability arising out of false advertising, misrepresentation in advertising, antitrust, unfair competition, restraint of trade, unfair or deceptive business practices, including but not limited to, violations of any local, state or federal consumer protection laws.
>
> . . .

      **12. Contractual Liability**
          Any liability arising from liability you assume under any contract or agreement, including but not limited to, any contract price, cost guarantee or cost estimate being exceeded; however, this exclusion does not apply to liability you would have in the absence of such contract or agreement.

      . . .

      **16. Fee Disputes**
          Any liability arising out of disputes involving:
              **a.** Your fees or charges, including over-charges, or cost over-run;
              **b.** Collecting your fees from third parties;
              **c.** The return of fees or other compensation paid to you; or
              **d.** Your costs of correcting or re-performing or completing any "professional services".

(*Id.* at Policy 0019-21).

    33.    The MPLE maintains the following definitions:

      **A.** "Bodily injury" means physical injury, sickness or disease, and, if arising out of the foregoing, mental anguish, mental injury, shock, humiliation or death at any time.

      **B.** "Claim" means a demand for money or services, including a "suit", arising from your "wrongful act".

      . . .

      **K.** "Personal Injury Peril" means:

          **1.** False arrest, detention or imprisonment;
          **2.** Malicious prosecution;
          **3.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; or
          **4.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organizations goods, products or services.

      . . .

    **M.** "Professional services" mean those services as described above and set forth in Item 2. of the Schedule above.

    **N.** "Property damage" means physical injury to, or loss or destruction of, tangible property including the loss of use thereof; or loss of use of tangible property which has not been physically injured or destroyed.

    . . .

    **S.** "Wrongful act" means any actual or alleged negligent act, error or omission, misstatement or misleading statement, including any of the foregoing that results in a "personal injury peril," but only to the extent committed by your performance of "professional services".

(*Id.* at Policy 0026-28).

34. On or around March 15, 2022, Allstate began providing River Cliff with a defense in the Underlying Lawsuit subject to a Reservation of Rights, and continues to do so.

35. In the Reservation of Rights, Allstate "reserve[d] the right to initiate a declaratory judgment action and seek a declaration that it has no duty to defend or indemnify River Cliff." A copy of the Reservation of Rights is attached as **Exhibit 3**.

## COUNT I: DECLARATORY JUDGMENT
### Duty to Defend and Indemnify (All Defendants)

36. Allstate hereby incorporates and restates the allegations in Paragraphs 1 through 35, as though fully set forth herein.

37. Allstate only has a duty to defend River Cliff if the allegations in the Underlying Complaint trigger coverage under the Businessowners Coverage Form (the "BCF") or the Miscellaneous Professional Liability Endorsement (the "MPLE").

38. The Underlying Complaint's allegations do not allege any facts that might fall within the BCF's coverage.

39. The Underlying Complaint does not allege the existence of bodily injury, as that term is defined in the BCF.

10

40. The Underlying Complaint does not allege the existence of property damage, as that term is defined in the BCF.

41. The Underlying Complaint does not allege the existence of personal and advertising injury, as that term is defined in the BCF.

42. The Underlying Complaint's allegations fall within the BCF's exclusion n, Damage To Impaired Property Or Property Not Physically Injured Exclusion.

43. The Underlying Complaint's allegations fall within the BCF's exclusion p, Personal and Advertising Injury, subsections (4) and/or (5).

44. The Underlying Complaint's allegations do not allege any facts that might fall within the MPLE's coverage.

45. The Underlying Complaint does not allege the existence of a wrongful act or personal injury peril, as those terms are defined in the MPLE.

46. The Underlying Complaint's allegations fall within the MPLE's exclusion 10, False Advertising, Misrepresentation in Advertising, Antitrust, Unfair Competition, and Restraint of Trade, and Unfair or Deceptive Business Practices.

47. The Underlying Complaint's allegations fall within the MPLE's exclusion 12, Contractual Liability.

48. The Underlying Complaint's allegations fall within the MPLE's exclusion 16, Fee Disputes.

49. The Underlying Complaint's allegations do not allege any facts that might fall within the coverage of any other portion of the Policy.

50. Allstate has no duty to defend River Cliff because the Underlying Complaint does not allege any facts that might fall within the coverage of the Policy and because the Underlying Complaint's allegations show that no coverage could exist under the Policy.

51. Because Allstate has no duty to defend River Cliff, it has no duty to indemnify River Cliff.

WHEREFORE, Plaintiff, Allstate Insurance Company, respectfully requests that this Court enter judgment in Allstate's favor and (a) enter a declaratory judgment that Allstate has no duty to defend River Cliff; (b) enter a declaratory judgment that Allstate may withdraw the defense it is currently providing to River Cliff under a Reservation of Rights; (c) enter a declaratory judgment that Allstate has no duty to indemnify River Cliff because Allstate has no duty to defend River Cliff; and (d) provide any further and additional relief as this Court deems appropriate and just.

DATED: June 22, 2022

Respectfully submitted,

By: *s/ Robert S. Hunger*
Bradley D. Tucker
Robert S. Hunger
TUCKER HOLMES, P.C.
9200 E. Mineral Avenue, Suite 330
Centennial, CO 80111-3415
Phone: (303) 694-9300
Fax:    (303) 694-9370
E-Mail: bdt@tucker-holmes.com
rsh@tucker-holmes.com
*Attorneys for Allstate Insurance Company*